IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CLARENCE W. BROOKS, )
)
    Petitioner, )
)
)   CIV-14-44-F
v. )
)
GARFIELD COUNTY JAIL, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a detainee appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed without prejudice.

Petitioner has named the Garfield County Jail as the sole Respondent and asserts that he is being detained pending sentence revocation proceedings in Garfield County District

---

[1] In his Petition, Petitioner seeks monetary damages as well as his release from confinement. "A single complaint may seek relief partly under 28 U.S.C. § 2254 and partly under [42 U.S.C.] §1983." Richards v. Bellmon, 941 F.2d 1015, 1018 n. 3 (10th Cir. 1991). Because the relief Petitioner seeks effectively challenges "the fact or duration of his confinement and seeks immediate or speedier release," Heck v. Humphrey, 512 U.S. 477, 481 (1994), bars any monetary relief until such time as he demonstrates a conviction or sentence that has been invalidated or deemed unconstitutional.

1

Court Case No. CM-2011-55. Petitioner asserts that on April 18, 2012, he pled guilty to a charge of obtaining cash or merchandise by bogus check, he was given a one-year suspended sentence, and that the prosecution has now applied to revoke this sentence.

As grounds for habeas relief, Petitioner contends that he was denied "45 days for my revocation hearing" and that he previously "completed my probation and they are still trying to give me time." Petitioner concedes the revocation proceeding is ongoing in the district court. Consequently, his Petition should be dismissed without prejudice on the basis of the Younger abstention doctrine.

It has long been the policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997), cert. denied, 523 U.S. 1005 (1998); Phelps v. Hamilton, 59 F.3d 1058, 1063-1064 (10th Cir. 1995). If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel.

Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

There are ongoing state proceedings concerning the revocation application filed against Petitioner in Case No. CF-2003-5314. Petitioner has an adequate forum to litigate any claims either in a petition for a writ of prohibition to the Oklahoma Court of Criminal Appeals before his revocation proceeding occurs, or in an appeal should his suspended sentence be revoked. See Okla. Ct. Crim. App. Rule 1.2(D)(4)("Review of an order revoking a suspended sentence is governed by the same procedure as perfection of a regular misdemeanor or felony appeal. . . . However, the scope of review is limited to the validity of the revocation order. The appropriate appeal time commences upon imposition of the order revoking suspended sentence."). Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.

"It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (quoting Phelps, 59 F.3d at 1066). See Perez v. Ledesma, 401 U.S. 82, 85 (1971)("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Petitioner contends that he was not given a timely revocation hearing and that his probation had ended prior to the filing of the revocation application. His allegations indicate he may have defenses to the revocation application. However, his conclusory allegations do

3

not create a plausible inference of harassment, bad faith, or other extraordinary circumstances warranting this Court's interference with his pending state court revocation proceeding. Therefore, the habeas action should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by    February 5th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   16th   day of   January  , 2014.

*[signature: Gary M. Purcell]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE